IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01961-PAB-KMT

MADELINE ROMANIE LINDA SOESBE,

    Plaintiff,

v.

COUNTRYWIDE HOME LOANS, all subdivisions, official and personal capacity,
WELLS FARGO BANK NA, all subdivisions, official and personal capacity,
ARONOWITZ & FORD, official and personal capacity,
CASTLE MEINHOLD & STAWIARSKI, official and personal capacity,
INDYMAC BANK HOME LOAN SERVICING, official and personal capacity,

    Defendants.

---

**ORDER AND MEMORANDUM OF DECISION**

---

This matter is before the Court on plaintiff's "Motion for Emergency Injunction" [Docket No. 5] (the "Motion"). The Motion reproduces almost the entire text of Federal Rule of Civil Procedure 65; therefore, it is reasonable to construe it as a request for entry of a temporary restraining order or for a preliminary injunction. *See* Fed. R. Civ. P. 65. Because the defendants have received notice of the Motion and have had an opportunity to respond, the Court's analysis is the same regardless of whether a TRO or a preliminary injunction is at issue. *See Escobar v. Reid*, No. 06-cv-01222-CMA-KLM, 2008 WL 4877009, *2 (D. Colo. Nov. 12, 2008) ("Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction."). Moreover, for the sake of efficiency, I treat the Motion as one for preliminary injunction.

The Court's jurisdiction over this case is premised upon plaintiff's invocation of federal questions pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  As explained below, plaintiff has failed to make a factual showing which justifies the issuance of a preliminary injunction, and the Motion is denied.

### A.  Preliminary Injunctions

In order to obtain a preliminary injunction, the moving party bears the burden of establishing that four factors weigh in his or her favor: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resource Defense Council, Inc.*, --- U.S. ----, 129 S. Ct. 365, 374 (2008)).

However, "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Beltronics USA, Inc. v. Midwest Inventory*, 562 F.3d 1067, 1070 (10th Cir. 2009) (internal quotation marks omitted).  "[T]he limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *See Schrier v. University of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)) (internal quotation marks omitted).

Furthermore, a court must be cognizant of the fact that there are three types of disfavored preliminary injunctions: (1) preliminary injunctions that alter the status quo – defined as "the last uncontested status between the parties which preceded the

controversy until the outcome of the final hearing," *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1155 (10th Cir. 2001) (internal quotation marks omitted); (2) "mandatory preliminary injunctions" which require a party to take some affirmative act rather than refrain from some act; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits. *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009) (citing *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc), *aff'd on other grounds*, 546 U.S. 418 (2006)).  Before a court grants a disfavored preliminary injunction, a movant seeking such an injunction must make a heightened showing of the four factors.  *RoDa Drilling*, 552 F.3d at 1209; *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170, 1177 (10th Cir. 2003).

### B.  Plaintiff's Motion

Plaintiff's motion for preliminary injunction is brief and makes three requests of this Court: "that Judge Scott A. Sells and Magistrate Robert C. Erler be [r]ecused from this said case at bar . . . ."; "for an Order to stop the stealing of the real property, and all personal properties at [six listed properties]"; and "[t]hat this Court should take Judicial Notice Humanitarianly [sic] due to improper process and procedures, which has been stated in the original petition."  Mot. for Emergency Inj. at 1-2.  However, the Motion itself offers no factual support for the entry of a preliminary injunction.

Furthermore, even if the Court reads the final request as an invocation of the operative complaint in the case, a preliminary injunction is no more tenable.  Plaintiff

filed her second amended complaint against a variety of parties that apparently have played some role in the foreclosure of one or more of plaintiff's properties. However, the second amended complaint is surprisingly lean when it comes to factual allegations. Plaintiff devoted nearly all of the complaint's twenty-four pages to a loosely organized collection of legal statements and broad criticisms of the legal system and the financial industry. Through this compilation, the complaint invokes a number of legal bases which plaintiff apparently believes entitle her to relief. These include the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, the federal habeas corpus statute (28 U.S.C. § 2254), the Racketeer Influenced and Corrupt Organizations (RICO) Act, the Hobbs Act, the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), the Fair Debt Collection Practices Act (FDCPA), the USA PATRIOT Act, Article 9 of the Uniform Commercial Code, and state tort law regarding fraud and theft. However, the connection between many of plaintiff's legal assertions and the facts remains uncertain.

Plaintiff's failure to coherently articulate a legal basis for the requested preliminary injunction does not in and of itself preclude the issuance of a preliminary injunction. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, despite the leniency afforded a *pro se* party, she still must allege sufficient facts to establish that she is properly entitled to relief. *See Hall*, 935 F.2d at 1110. Plaintiff's factual allegations simply fail to do this.

Based on the second amended complaint, it appears that plaintiff at one time owned six properties, that each of the properties had a deed of trust attached to it, and that some or all of these deeds of trust were in the process of foreclosure. However,

plaintiff has failed to explain which properties are being foreclosed upon, by whom, and where in the process each property currently stands. In the rare instance where the second amended complaint does make factual allegations, those allegations lack the necessary details. For example, in one of the only compilations of factual allegations, plaintiff alleges that "the bank" engaged in various activities with respect to a particular property. *See* Second Am. Compl. [Docket No. 2] at 22. However, there is no indication which of the three named bank defendants and which of the six listed properties plaintiff is discussing. Later, in an affidavit attached to the second amended complaint, plaintiff defines a group of banks, mortgage companies, law firms, a mortgage registration company, and a public trustee as "Respondents." *See* Second Am. Compl. at 32. Although this group consists of thirteen entities or individuals, eight of whom are not parties to this case, most of plaintiff's factual allegations simply accuse the entire group of various acts. *See* Second Am. Compl. at 32-47. Not only do the allegations fail to identify the precise actor in question, they make reference to unspecified "notes," "deeds of trust," "instruments," and so on, without explaining which of the six properties was allegedly affected. Even plaintiff's averments that specifically identify an alleged actor or property involved, *see*, *e.g.*, Second Am. Compl. at 39, 41, fail to provide the Court with sufficient information to piece together a coherent fact pattern upon which to base findings of fact.

Because plaintiff bears the burden of proof under the preliminary injunction standard, *Beltronics USA, Inc. v. Midwest Inventory*, 562 F.3d 1067, 1070, 1075 (10th Cir. 2009), the failure to aver sufficient detail in the factual allegations precludes the issuance of a preliminary injunction.

In addition to the factual deficiencies, the Motion fails to make clear exactly who or what plaintiff would like the Court to enjoin. Because Federal Rule of Civil Procedure 65(d)(1) requires that "[e]very order granting an injunction and every restraining order must . . . describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required," this lack of specificity is a second insurmountable obstacle to the issuance of a preliminary injunction.

The one possible exception to plaintiff's otherwise inadequately stated requests for relief – the forced recusal of the state court judges – fails for lack of a supportable legal basis. Although plaintiff is not necessarily required to identify such a basis, *see Hall*, 935 F.2d at 1110, plaintiff's deficient factual allegations regarding these judicial officers also prevents the Court from discerning a plausible justification for such interference with a state court.

In summary, the deficiencies discussed above prevent the Court from effectively applying the preliminary injunction standard. For example, it is apparent that a preliminary injunction forcing the recusal of the state court judges is disfavored as both a mandatory injunction and one which would disrupt the status quo. However, because the relief sought against the named defendants is unclear, the Court is unable to determine whether they, too, represent disfavored preliminary injunctions.

The lack of details in the factual allegations prevents the Court from finding that it is likely that plaintiff will succeed on the merits. It also prevents the Court from finding that it is likely that plaintiff will suffer irreparable harm, i.e. "harm that cannot be undone, such as by an award of compensatory damages or otherwise." *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1105 (10th Cir. 2003). Although it is possible

that some of the harms associated with foreclosure may not be undone through an award of damages or otherwise, any finding on this record with respect to the irreparability of the harm would amount to conjecture by the Court.  Plaintiff's presentation of the facts also prevents anything but the most general of analyses regarding the balance-of-equities and public-interest factors.  All the Court can say at this point is that there are equities and a public interest behind both the halting of illegitimate foreclosures and the allowing of legitimate ones to proceed.  Based on plaintiff's allegations, the Court cannot characterize the foreclosure or foreclosures at issue here, and therefore, cannot determine in whose favor these factors weigh.

### C.  Conclusion

Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," a court should not "assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Here, plaintiff has not met her burden of showing that the four preliminary-injunction factors weigh in favor of issuance of a preliminary injunction.  Plaintiff's *pro se* status will not excuse the failure to provide facts in sufficient detail to justify such relief.  Therefore, it is

**ORDERED** that plaintiff's "Motion for Emergency Injunction" [Docket No. 5] is DENIED without prejudice.  It is further

**ORDERED** that defendant Countrywide Home Loans' motion to strike [Docket No. 26] plaintiff's "Motion for Emergency Injunction" is DENIED as moot.

DATED October 20, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
